UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE ESTATE OF RACHELLE STEWART BY GENEECE PRITCHARD, PERSONAL REPRESENTATIVE,<br><br>Plaintiff,<br><br>v.<br><br>KATRENA MITCHELL,<br>CORRECT CARE SOLUTIONS, LLC,<br><br>Defendants. | No. 1:18-cv-00163-JPH-TAB |

**ORDER ON PLAINTIFF'S MOTION TO STAY**

Plaintiff brings this action alleging the wrongful death of Rachelle Stewart at the Marion County Arrestee Processing Center. Plaintiff alleges deliberate indifference under the Fourteenth Amendment to the Constitution and negligence under Indiana law. Defendants filed a motion to stay the case [Filing No. 40] to allow Plaintiff's medical malpractice claims to be first adjudicated by the Indiana Medical Review Panel. Plaintiff objects to Defendants' requested stay. The Court sustains Plaintiff's objection and denies Defendants' motion.

Defendants contend that it makes no sense to have two trials, so this case should be stayed until the Medical Review Panel process is completed. Alternatively, Defendants argue for an extended delay (or re-opening) of deadlines in this case, again with the purpose of allowing the medical review process to be completed so all aspects of this case can be tried at one time. The Court agrees that two trials are best avoided, but a stay is not warranted, nor is a lengthy delay that effectively would operate as a stay.

Plaintiff persuasively argues in opposition to this motion that the medical malpractice claim is in its nascent stages, with no panel yet selected, such that a stay could delay the November 25, 2019, trial for years. As Plaintiff notes, Indiana district courts have denied stays

such as the one at issue here. *See, e.g., Minix v. Canarecci,* 2005 U.S. Dist. LEXIS 18347, at 5-6 (N.D. Ind. Aug. 16, 2005) (staying entire case would contravene Fed. R. Civ. P. 1, which contemplates the just, speedy, and inexpensive determination of every proceeding). While there is undoubtedly some overlap in Plaintiff's state and federal claims, these claims also involve different witnesses and exhibits, different standards for liability, and different damages. [Filing No. 48, at ECP p.3.] Finally, Defendants filed their motion to stay more than a year after Plaintiff filed this case and after the deadlines passed for completing liability discovery, making expert witness designations, and filing final witness and exhibit lists. Simply put, at this stage the equities balance in favor of proceeding to try the federal claims on November 25, 2019, rather than imposing a stay of unknown but likely of significant duration. [1]

Accordingly, Defendants' motion to stay [Filing No. 40] is denied.

Date: 7/3/2019

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

---

[1] Plaintiff suggests that it might be best for Plaintiff to dismiss the state law claims without prejudice to allow the federal claims to proceed. The Court agrees. Plaintiff should file a motion seeking such relief.